# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**ROBERT HERRING,**

        Plaintiff,

**vs.**　　　　　　　　　　　**CASE NO. _____**

**CITIMORTGAGE, INC.,**

        Defendant.

_____/

## COMPLAINT
## JURY DEMAND

## INTRODUCTION

1.　　Plaintiff alleges violations of the Telephone Consumer Protection Act, 42 U.S.C. § 227 *et seq*. ("TCPA").

## JURISDICTION AND VENUE

2.　　This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337 and 47 U.S.C. § 227(b)(3).  *See* Mims v. Aarow Financial Services, LLC, No. 10-1195, 2012 U.S. LEXIS 906, 2012 WL 125429 (Jan. 18, 2012).  Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

## PARTIES

3. Plaintiff, Robert Herring is a natural person and a citizen of the State of Florida, residing in Polk County in the Middle District of Florida.

4. Defendant, Citimortgage, Inc. is a foreign business corporation organized and existing under the laws of the State of New York with its principal place of business and corporate offices in O'Fallon, Missouri.

## FACTUAL ALLEGATIONS

5. Beginning on or about August 5, 2012 Defendant began using an automatic telephone dialing system or a pre-recorded or artificial voice to place numerous telephone calls to Plaintiff's cellular telephone.

6. Defendant placed the telephone calls to Plaintiff's cellular telephone in an attempt to reach Plaintiff's ex-wife, Linda Herring.

7. Plaintiff has repeatedly advised Defendant that it is calling the wrong number for Linda Herring.

8. On August 5, 2012, Plaintiff informed Defendant in writing that it was calling the wrong number for Linda Herring and instructed Defendant to cease calling Plaintiff's cellular telephone. A copy of the August 5, 2012 correspondence and fax verification report is attached hereto as "Exhibit A".

9. Notwithstanding the above, Defendant continued to use an automatic telephone dialing system or a pre-recorded or artificial voice to place numerous telephone calls to Plaintiff's cellular telephone.

10. To date, Defendant has used an automatic telephone dialing system or a pre-recorded or artificial voice to place numerous telephone calls to no less than 200 calls to Plaintiff's cellular telephone.

11. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227 (b)(1)(A).

12. Defendant willfully or knowingly violated the TCPA.

## COUNT I
### AUTOMATED OR PRE-RECORDED CALLS TO PLAINTIFF'S CELLULAR TELEPHONE IN VIOLATION OF THE TCPA, 47 U.S.C. § 227 (b)(1)(A)(iii)

13. Plaintiff incorporates Paragraphs 1 through 12 above as if fully set forth herein.

14. Defendant placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

b. A declaration that Defendant's debt collection practices violate the TCPA;

c. A permanent injunction prohibiting Defendant from placing non-emergency calls to the cellular telephone of Plaintiff using an automatic telephone dialing system or pre-recorded or artificial voice of the called party; and engaging in the complained of practices; and

d. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

*/s/ James S. Giardina*
[ x ] James S. Giardina – Trial Counsel
Fla. Bar No. 0942421
[   ] Kimberly H. Wochholz
Fla. Bar No. 0092159
The Consumer Rights Law Group, PLLC
3104 W. Waters Avenue, Suite 200
Tampa, Florida 33614-2877
Tel: (813) 435-5055 ext 101
Fax: (866) 535-7199
James@ConsumerRightsLawGroup.com
Kim@ConsumerRightsLawGroup.com
*Counsel for Plaintiff*